UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

------------------------------------------------------------------

ROSA MARTINEZ, individually and on behalf of all others similarly situated,

Civil Action No.: 5:18-cv-522

Plaintiff(s),

-against-

**CLASS ACTION COMPLAINT**

PROFESSIONAL CREDIT CONTROL and PRC MEDICAL, LLC

**JURY TRIAL DEMANDED**

Defendant(s).

------------------------------------------------------------------

Plaintiff, ROSA MARTINEZ (hereinafter, "Plaintiff"), a Texas resident, brings this Class Action Complaint by and through the undersigned attorneys, against Defendants PROFESSIONAL CREDIT CONTROL ("PCC") and PRC MEDICAL, LLC (hereinafter "PRC") (collectively hereinafter "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of

jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of Texas, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant PCC is a collection agency with offices at 111 Stow Avenue, Cuyahoga Falls, Ohio 44221.

10. Upon information and belief, Defendant PCC is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant PCC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. PCC is a division within PRC.

13. PRC is company that assists medical providers with billing and receivable management services with offices at at 111 Stow Avenue, Cuyahoga Falls, Ohio 44221.

14. PRC is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6), as they commonly use names other than their own, i.e. PCC, which would indicate that a third paerson is collectoring or attempting to collect such debts.

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to March 29, 2018, an obligation was allegedly incurred to ARIS.

17. The alleged ARIS obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or

household purposes.

18. The alleged ARIS obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

19. ARIS is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

20. ARIS or subsequent owner of the ARIS debt contracted Defendant PCC to collect the alleged debt.

21. Defendant PCC is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

22. On or about March 29, 2018, Defendant PCC sent to the Plaintiff a collection letter (the "Letter") regarding an alleged debt originally owed to ARIS. *See* **Exhibit A.**

23. Upon information and belief, the Letter was the first communication from Defendant PCC to the Plaintiff with regards to the alleged ARIS debt.

24. Plaintiff received the letter and read it.

25. The Letter stated that PCC "is a debt collector attempting to collect a debt," and that PCC is a Division of PRC.

26. The Letter further stated in part:

    "Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this notice, the debt will be assumed to be valid."

27. Upon reading the above statement, the Plaintiff, as would any least sophisticated consumer, was left unsure as to whom would assume the debt to be valid should he not dispute it within the thirty day validation period.

28. Pursuant to 15 U.S.C. §1692g(a)(3) a debt collector must within five days after the initial

communication, send the consumer a written notice containing a statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector* (emphasis added).

29. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. *Wilson,* 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991).

30. Congress further desired to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

31. The rights afforded to consumers under Section 1692g are amongst the most powerful protections provided by the FDCPA.

32. Once a consumer makes proper timely notice of a dispute, the debt collector is required by law to cease collection of the account until verification of the debt is obtained.

33. However, in order to be afforded that right, the consumer must be properly informed of his rights with regards to disputing an alleged debt.

34. In enacting the FDCPA, the Senate addressed collection abuses they observed, specifically from debt collectors who would obtain "information about a consumer through false pretense . . ." To end these abuses, Congress gave consumers the right to be informed that the entity contacting them is a debt collector. See 15 U.S.C. § 1692e(11).

35. By providing an inaccurate validation notice, the Defendant caused the Plaintiff real harm.

36. As a result of the Defendants' violations of the FDCPA, the Plaintiff was harmed.

37. Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

38. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The Class consists of: (a) all individuals with addresses in the State of Texas (b) to whom Defendant (c) sent an initial collection letter attempting to collect a consumer debt allegedly owed to ARIS (d) which stated "Unless you dispute the validity of the debt or any portion thereof within thirty (30) days after receipt of this notice, the debt will be assumed to be valid." (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

39. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

40. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. §§ 1692g and 1692e.

42. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692g and 1692e.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any

        interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

47. Plaintiff, individually and on behalf of all others similarly situated, repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

49. The Defendants violated section 1692g(a)(4) and 1692g(a)(5) by failing to accurately convey the validation notice.

50. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

51. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

52. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

53. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

54. Defendant violated said section by:

    - Making a false and misleading representation in violation of §1692e(10).

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and the undersigned as Class Counsel;

      (b)      Awarding Plaintiff and the Class statutory damages;

      (c)      Awarding Plaintiff and the Class actual damages;

      (d)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (e)      Awarding pre-judgment interest and post-judgment interest; and

      (f)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 29, 2018

                By:    /s/ Daniel Zemel
                            Daniel Zemel, Esq.
                            ZEMEL LAW, LLC
                            78 John Miller Way, Suite 430
                            Kearny, New Jersey 07032
                            Phone: (862) 227-3106
                            Facsimile: (862) 204-5901
                            Email: dz@zemellawllc.com

                            **PRO HAC VICE APPLICATION**
                            Yitzchak Zelman, Esq.
                            MARCUS ZELMAN, LLC
                            701 Cookman Avenue, Suite 300
                            Asbury Park, New Jersey 07712
                            Phone: (732) 695-3282
                            Facsimile: (732) 298-6256
                            Email: yzelman@marcuszelman.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: May 29, 2018

/s/ Daniel Zemel